I respectfully dissent. I concur generally in the dissent of Justice Faulkner. See my special concurrence in Lankford v.Sullivan, Long Hagerty [MS. July 9, 1982] 416 So.2d 996 (Ala. 1982). It is my belief that the challenged statute is so bad (speaking legally and not policy wise) that it cannot withstand constitutional attack (§ 13) under either the test espoused by Justice Almon in Lankford or the test set forth in Justice Faulkner's dissent in the instant case.
While I personally embrace the Lankford test, as modified by my special concurrence, I believe its application renders the legislation here in issue constitutionally defective. To suggest that the statute afforded a right of action against the owner of livestock that did not otherwise exist, as opposed to restricting (or, in practical effect, virtually abolishing) the right of action, is, in my opinion, utterly ridiculous; and an opinion of this Court so holding should come as quite a shock to those "Black Belt" legislators who sponsored this statute to "protect" their cattleowner constituents.